Filed 8/29/23  P. v. Graham CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>MARK ALAN GRAHAM,<br><br>          Defendant and Appellant. | A165018<br><br>(Solano County<br>Super. Ct. No. FCR347124)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

Appellant's petition for rehearing is denied.  It is ordered that the opinion filed on August 7, 2023, is modified as follows:

1.  On page 5, following the paragraph that begins "The Anderson court continued," the following 2 paragraphs are inserted:

Appellant argues in the alternative that the amendments to section 1385 "at the very least, require[] dismissal where dismissal would not endanger public safety."  Appellant's position was adopted by the court in *People v. Walker* (2022) 86 Cal.App.5th 386, 398, review granted March 22, 2023, S278309, which stated, "these provisions dictate that trial courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding

1

that the resultingly shorter sentence due to dismissal 'would endanger public safety.' "[1]

However, the court in *Ortiz, supra*, 87 Cal.App.5th 1087, disagreed with *Walker* on that issue, concluding the great weight to be accorded to a mitigating circumstance "does not preclude a trial court from determining that countervailing factors—other than the likelihood of physical or other serious danger to others—may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*Id.* at p. 1098.) The trial court retains "ultimate discretion under the statute to determine what is in furtherance of justice, considering all relevant factors." (*Ibid.*) We believe the statutory language supports the view of the *Ortiz* court on that issue. Under the plain language of the statute, if a trial court finds dismissal of an enhancement would endanger public safety, then any mitigating factors do not "weigh[] greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2).) If there is *no* such finding, as in the present case, then a court is obligated to give any mitigating factors great weight. But the court still has discretion to decline to dismiss an enhancement if it finds dismissal would *not* be in furtherance of justice—otherwise the mitigating factors would be given dispositive effect rather than great weight. That is, the absence of a finding of danger to the public does not *mandate* dismissal.

2. On page 5 of the filed opinion, footnote 5 shall be deleted.

---

[1] In *Walker*, the Supreme Court granted review to address the following question: "Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?"

The modification effects no change in the judgment.


Date:_____08/29/2023_____          _____Jackson, P.J._____ P.J.

Filed 8/7/23  P. v. Graham CA1/5 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>MARK ALAN GRAHAM,<br><br>          Defendant and Appellant. | A165018<br><br>(Solano County<br>Super. Ct. No. FCR347124) |

Effective January 1, 2022, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), which "amended [Penal Code] section 1385 to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements."  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted Apr. 19, 2023, S278786 (*Anderson*).)[1] Defendant and appellant Mark Alan Graham (appellant) contends the amendments obligated the trial court to dismiss a 25-years-to-life enhancement for personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)) added to the sentence for a robbery conviction, as well as enhancements added to a stayed assault conviction. Because the court concluded dismissal of the 25-years-to-life enhancement would not be "in the furtherance of justice" (§ 1385, subd. (c)(1)), we conclude

---

[1] All undesignated statutory references are to the Penal Code.

1

the trial court was not required to dismiss the enhancements at issue on appeal, despite the use of the word "shall" in section 1385, subdivisions (c)(2)(B) & (c)(2)(C).

## BACKGROUND

In September 2017, while armed with a firearm, appellant and an accomplice robbed a marijuana grow operation, shooting one of the victims in the leg.[2] In September 2021, a jury convicted appellant of robbery (§ 211), attempted robbery (§§ 664, 211), being a felon in possession of a firearm (§ 29800, subd. (a)), and assault with a firearm (§ 245, subd. (a)(2)). The jury found true an enhancement to the robbery charge for personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)), and enhancements to the assault charge for personal use of a firearm (§ 12022.5) and personal infliction of great bodily injury (§ 12022.7, subd. (a)).

In April 2022, the trial court sentenced appellant to a total term of 27 years to life, comprised of the low term of two years on the robbery conviction, plus 25 years to life on the firearm enhancement. Appellant argued the amendments to section 1385 required the court to dismiss the enhancement, but the court concluded it retained discretion and found it would not be "in the interest of justice" to dismiss the enhancement. The court ordered that the sentence on the attempted robbery charge would run concurrently, and the court stayed the sentences on the remaining two counts under section 654. The stayed sentence on the assault conviction was 15 years, including a 10-year firearm enhancement and a 3-year great bodily injury enhancement.

The present appeal followed.

---

[2] It is unnecessary to detail the underlying crimes to resolve the legal issue on appeal.

DISCUSSION

"Senate Bill 81, effective January 1, 2022, amended section 1385 ' "to specify factors that the trial court *must* consider when deciding whether to strike enhancements from a defendant's sentence in the interests of justice." ' " (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093, review granted Apr. 12, 2023, S278894 (*Ortiz*).) The legislation added subdivision (c)(1), which provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) And the legislation added subdivision (c)(2), which provides, "In exercising its discretion under [subdivision (c)], the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in [the subparagraphs to subdivision (c)(2)] are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

Two listed "mitigating circumstances" are at issue in the present case. Subdivision (c)(2)(C) identifies as one circumstance, when "[t]he application of an enhancement could result in a sentence of over 20 years. *In this instance, the enhancement shall be dismissed.*" (§ 1385, subd. (c)(2)(C), italics added.) And subdivision (c)(2)(B) identifies as another circumstance, when "[m]ultiple enhancements are alleged in a single case. *In this instance, all enhancements beyond a single enhancement shall be dismissed.*" (Italics added.) Appellant contends the italicized language in each of those

subdivisions means the trial court had no discretion and was required to dismiss the 25-years-to-life firearm enhancement, as well as the stayed enhancements to the sentence on the assault charge.[3]

The court in *Anderson*, *supra*, 88 Cal.App.5th 233, rejected the statutory interpretation advanced by appellant in the present case. There, the defendant challenged a 23-year sentence, arguing that "shall" in section 1385, subdivision (c)(2)(B) and (C) *mandated* that the trial court strike one of two prior serious felony enhancements. (*Id.* at pp. 235–236, 239.) *Anderson* reasoned, "If we were to read section 1385, subdivision (c)(2)(B) and (C), in isolation, then [the defendant's] argument would appear correct—use of the term 'shall' in a statute is generally mandatory, not permissive. However, 'we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the " ' "context of the statute as a whole." ' " ' [Citation.] Here, the statement that a court 'shall' dismiss certain enhancements appears as a subpart to the general provision that a 'court shall dismiss an enhancement *if* it is in the furtherance of justice to do so.' (§ 1385, subd. (c)(1), italics added.) In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice." (*Anderson*, at p. 239; see also

---

[3] Appellant cites to nowhere in the record where he requested dismissal of the enhancements on the stayed assault charge under section 1385, subdivision (c)(2)(B). This does not result in forfeiture of his claim, because he argues imposition of the enhancements resulted in an unauthorized sentence. (*Anderson*, *supra*, 88 Cal.App.5th at p. 239, fn. 7.) In any event, we reject appellant's statutory interpretation claim as to subdivisions (c)(2)(B) and (c)(2)(C) on the same basis. And the trial court's determination that dismissal of the 25-years-to-life enhancement was not in furtherance of justice means the court necessarily would have reached the same conclusion as to the shorter stayed enhancements. Appellant does not argue to the contrary.

*Ortiz, supra*, 87 Cal.App.5th at p. 1098 [although "the Legislature has invested the enumerated mitigating circumstances with great weight," "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement"].)

The *Anderson* court continued, "[I]f we were to read subdivision (c)(2)(B) and (C) as mandatory, then the existence of those factors 'would not "weigh greatly" in favor of dismissal—it would weigh *dispositively*.' " (*Anderson, supra*, 88 Cal.App.5th at pp. 239–240.) *Anderson* pointed out that its interpretation preserving trial court discretion found support in a letter from the author of Senate Bill No. 81 "placed by unanimous consent in the Senate Journal." (*Anderson*, at p. 240.) That letter stated, "[A]mendments taken on Aug. 30, 2021 remove the presumption that a judge must rule to dismiss a sentence enhancement if certain circumstances are present, and instead replace[ ] that presumption with a 'great weight' standard where these circumstances are present. The retention of the word 'shall' in [section] 1385(c)(3)(B) and (C) should not be read as a retention of the previous presumption language—the judge's discretion is preserved." (Sen. Nancy Skinner, letter to Sect. of the Sen. (Sept. 10, 2021) 121 Sen. J. (2021-2022 Reg. Sess.) p. 2638; see also *Anderson*, at p. 240.)[4]

Because the trial court expressly found dismissal of the 25-years-to-life enhancement was *not* in the interest of justice, the court was not *obligated* to dismiss the enhancement (or the additional stayed enhancements).[5]

---

[4] At the time of enactment, the mitigating circumstances were in section 1385, subdivision (c)(3), but the Legislature moved them to section 1385, subdivision (c)(2) the following year. (Stats. 2022, ch. 58 (Assem. Bill. No. 200 (2021-2022 Reg. Sess.)), § 15.)

[5] For the first time in his reply brief, appellant suggests the amendments to section 1385 "at the very least, require[] dismissal where dismissal would not endanger public safety." We need not address

5

Appellant does not argue the trial court abused its discretion, so his claim requires no further discussion.

## DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, J.


We concur.


_____
JACKSON, P. J.


_____
CHOU, J.


(A165018)

_____

arguments made for the first time in a reply brief.  (*Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1273–1274.)